IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2015

## ANTONIO LAMONT SCALES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 2007C1951     Monte Watkins, Judge**

_____

**No. M2014-01671-CCA-R3-PC – Filed November 20, 2015**

_____

Petitioner, Antonio Lamont Scales, was convicted in Davidson County Criminal Court for the offenses of attempted second degree murder of one victim and reckless aggravated assault of another victim. His co-defendant at trial was convicted of the same offenses. On appeal, Petitioner challenged the sufficiency of the evidence to sustain the convictions, the trial court's failure to provide the "missing witness" instruction to the jury, and the sentences imposed by the trial court. The convictions were affirmed, but the sentences were vacated and the case was remanded for resentencing. *See State v. Timothy Washington Lyons and Antonio Lamont Scales*, No. M2009-02524-CCA-R3-CD, 2011 WL 300141, at *1 (Tenn. Crim. App. Jan. 18, 2011). After resentencing, no further appeal was instituted by Petitioner. His effective sentence after remand was twenty years, down from twenty-two years originally imposed by the trial court. Petitioner subsequently filed a petition for post-conviction relief which was dismissed after an evidentiary hearing. This appeal followed. After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Chelsea Nicholson, Nashville, Tennessee, for the Appellant, Antonio Lamont Scales.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

Initially, we decline to grant the State's request to dismiss this appeal due to the fact the notice of appeal was filed one day late. As conceded by the State, the notice of appeal in criminal cases is not jurisdictional, and the timely filing of the notice of appeal may be waived in the interest of justice. Tenn. R. App. P. 4(a). We waive the timely filing of the notice of appeal and will address Petitioner's issues on the merits.

Petitioner asserts on appeal that he is entitled to post-conviction relief because his trial counsel rendered ineffective assistance of counsel. Petitioner alleges trial counsel rendered ineffective assistance of counsel by:

1. Trial counsel failed to adequately communicate a negotiated plea agreement offer to Petitioner and failed to communicate Petitioner's acceptance of the State's plea offer to the State's attorney;

2. Trial counsel failed to "conduct adequate trial strategy;"

3. Trial counsel failed "to investigate a witness;" and

4. Trial counsel failed to appeal the sentence imposed by the trial court after the resentencing ordered by the Court of Criminal Appeals.

Initially, we note that as to ground (2), that trial counsel failed to "conduct adequate trial strategy," Petitioner has failed to present sufficient argument in his appellate brief. He also does not state what legal strategies trial counsel should have pursued. Accordingly, this issue is waived. Tenn. Ct. Crim. App. R. 10(b).

Our summary of the evidence presented at the post-conviction hearing will be limited to the proof concerning Petitioner's three remaining assertions of ineffective assistance of trial counsel. Petitioner testified that trial counsel informed Petitioner that "The D.A. offered six years at thirty percent." Petitioner added that he told trial counsel that he would accept that offer, and "even left a message on [trial counsel's] answering machine about wanting to accept that plea bargain." Petitioner testified that this communication "was the last [he] heard about" the negotiated plea agreement offer.

Petitioner stated that after the resentencing hearing he told trial counsel that he wanted to appeal the new sentencing decision to challenge both the length of the sentences and consecutive sentencing. However, trial counsel did not file a notice of appeal from the trial court's sentencing decision after the remand.

2

Petitioner testified that he asked trial counsel to interview a certain witness, Ms. Quanita Robinson, who was a friend of one of the victims. Petitioner stated that Ms. Robinson would testify that Petitioner did not do any of the shooting during the incident, and thus was not the person who "grazed" Ms. Robinson with a bullet. Petitioner also added that Ms. Robinson was never, in fact, grazed by a bullet. Petitioner stated that one of the named victims said that Ms. Robinson was grazed by a bullet. Petitioner testified that Ms. Robinson was not at court during the trial and in fact had never been interviewed by trial counsel. Petitioner added that he was interested in pursuing a negotiated plea agreement with the State, but trial counsel never pursued that possibility with Petitioner.

During cross-examination by the State, Petitioner admitted that Ms. Robinson might have testified, if she had appeared at trial, in a manner totally consistent with her friend's testimony incriminating Petitioner.

Trial counsel testified that he was appointed to represent Petitioner about five months prior to the trial. He met with Petitioner several times prior to trial, and he also began working on the case immediately upon being appointed to represent Petitioner.

Trial counsel testified that there were some plea negotiations. He stated that he thought the offer was for nine years to serve by incarceration. Petitioner wanted full probation in order to accept any offer from the State. Trial counsel testified the State would not agree to full probation. In fact, the assistant district attorney who handled the case "became very angry" that trial counsel even requested full probation. It was trial counsel's understanding that Petitioner would accept the plea offer only if it was for a suspended sentence. Trial counsel acknowledged that Petitioner was on parole when he committed the offenses which are the subject of this post-conviction proceeding. Trial counsel stated that Petitioner's prior criminal history was the reason for the State's refusal to agree to any suspended sentencing.

As to using Ms. Robinson as a witness, trial counsel attempted to interview her, but she could not be found. She actually had been subpoenaed, but failed to appear at trial. Trial counsel used this fact to argue to the jury that her failure to be called to testify by the State favored Petitioner's case at trial.

Trial counsel also represented Petitioner at the new sentencing hearing when Petitioner was resentenced and the total effective sentence decreased from twenty-two years to twenty years. As to possibly filing an appeal following the second sentencing hearing, trial counsel testified on direct examination by the State that, "it is my memory that [Petitioner] was ready to proceed with post[-]conviction relief at that time. And there was no desire to affect [sic] an appeal of that sentence."

3

No other witnesses testified at the post-conviction hearing. There was no testimony as to what arguments would have been made in an appeal of the second imposed sentence, and no testimony other than Petitioner's as to what Ms. Robinson's testimony would have been had she been called as a witness at trial.

At the conclusion of the post-conviction hearing, the post-conviction court announced that it was taking disposition of the petition under advisement, but also announced from the bench that as to credibility of the two witnesses, it did "credit the testimony" of trial counsel. In an order filed approximately two and one-half months later, the post-conviction court denied relief and dismissed the petition. In the order, the court specifically found that Petitioner's testimony was not credible. After summarizing the testimony adduced at trial in light of its credibility determinations, the post-conviction court ruled Petitioner had failed to prove both deficient performance by trial counsel, and Petitioner had failed to prove any prejudice to Petitioner even if there had been deficient performance by trial counsel.

**Analysis**

Our supreme court has stated,

> The Sixth Amendment to the United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." Similarly, Article I, Section 9 of the Constitution of Tennessee provides "[t]hat in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." These provisions guarantee criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. at 686, 104 S. Ct. 2052; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The deprivation of the right to the effective assistance of counsel presents a cognizable claim under the Post-Conviction Procedure Act. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008).

> Tenn. Code Ann. § 40-30-103 states that relief "shall be granted when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Petitioners seeking post-conviction relief must prove their factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *see also Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011).

> Claims for post-conviction relief based on alleged ineffective assistance

4

of counsel present mixed questions of law and fact. *Calvert v. State*, 342 S.W.3d at 485 (citing *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009); *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001)). The factual findings of a post-conviction court are conclusive on appeal, unless the evidence in the record preponderates against them. *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, we generally defer to a post-conviction court's findings with respect to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). However, we review de novo a post-conviction court's application of the law to its factual findings and accord no presumption of correctness to the court's conclusions of law. *Grindstaff v. State*, 297 S.W.3d at 216; *Finch v. State,* 226 S.W.3d 307, 315 (Tenn. 2007); *Vaughn v. State*, 202 S.W.3d at 115.

Counsel's representation becomes ineffective when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. at 686, 104 S. Ct. 2052. To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 687, 104 S. Ct. 2052; *Pylant v. State*, 263 S.W.3d at 868. Failure to establish either deficient performance or prejudice necessarily precludes post-conviction relief. *Strickland v. Washington*, 466 U.S. at 697, 104 S. Ct. 2052; *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004). Because a petitioner must establish both deficient performance and prejudice, a reviewing court need not address both prongs if the petitioner fails to demonstrate either prong. *Strickland v. Washington*, 466 U.S. at 697, 104 S. Ct. 2052; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

Establishing deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687, 104 S. Ct. 2052; *see also Vaughn v. State*, 202 S.W.3d at 116. Counsel's performance is not deficient if the advice given or the services rendered "are within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d at 936. In other words, a petitioner must show that counsel's representation fell below an objective standard of

"reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. at 688, 104 S. Ct. 2052; *Vaughn v. State*, 202 S.W.3d at 116.

*Mobley v. State*, 397 S.W.3d 70, 79-80 (Tenn. 2013) (footnote omitted).

Applying the law to the facts of this case and the ruling of the post-conviction court, we conclude that Petitioner is not entitled to relief. Petitioner clearly failed to prove deficient performance by trial counsel in regard to his assertions that trial counsel failed to communicate a negotiated plea agreement offer and/or acceptance of an offer and that trial counsel failed to "investigate" the witness Ms. Robinson. Furthermore, while total failure to preserve the right to appeal from the second sentencing hearing might be deficient performance (if the post-conviction court had not credited trial counsel's testimony that Petitioner wanted to forego appeal and go straight to post-conviction proceedings), Petitioner failed to present the transcript of the second sentencing hearing as an exhibit at the post-conviction hearing. This omission, along with the failure to present in his brief on appeal or in the post-conviction court what argument he thinks trial counsel should have made in an appeal of the second sentencing results in a failure to show prejudice.

Accordingly, after review, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

6